SHELDON STREICHER *v.* SALO RESCH
(7756)

BORDEN, SPALLONE and NORCOTT, Js.

Argued December 19, 1989—decision released February 27, 1990

*Paul E. Barrett, Jr.,* for the appellant (defendant).

*Karen E. Souza,* with whom, on the brief, was *Alan E. Silver,* for the appellee (plaintiff).

BORDEN, J. The plaintiff, a diamond dealer, brought this action against the defendant, Salo Resch doing business as 47th Street Diamond Company (47th Street), in his individual capacity for money due on certain diamonds not returned by the defendant after they were entrusted to him for inspection. The defendant appeals from the trial court's judgment, after a court trial, for the plaintiff. On appeal, he assigns three claims of error based on the court's reliance on certain infor-

mation that was never offered or admitted into evidence. Specifically, the defendant argues that the trial court erred (1) in basing its decision on a trade name certificate, (2) in basing its decision on records of the office of the secretary of the state that were not offered or admitted into evidence, and (3) in finding for the plaintiff because the evidence before the court did not support the judgment rendered. We find error.[1]

From December, 1986, to July, 1987, the defendant's son, Bert Resch, an employee of 47th Street, on occasion took possession of certain diamonds belonging to the plaintiff. Each of these transactions was evidenced by a document known in the diamond trade as a "memorandum." Five of the six memoranda stated that the purchaser was Bert Resch, 47th St. Diamond Inc. The sixth stated that the purchaser was Bert Resch, 47th St. Diamond. All of the memoranda were signed by Bert Resch.

The pertinent part of the trial court's memorandum of decision is as follows: "The defendant claims in his brief that Salo Resch cannot be held liable because the real 'purchaser' of the diamonds was a corporation. The defendant apparently bases this claim on the fact that five of the six documents in evidence contain the plaintiff's notation that he left diamonds at '47th St. Diamond, Inc.' The court file contains a document from the City of New Haven stating that the trade name '47th Street Diamond Co.' was registered in 1986. Further, the records of the corporation division of the office of the Secretary of State do not reflect any corporation known as '47th Street Diamond Co., Inc.' The court is compelled to conclude that there was no corporate

---

[1] Because of our disposition of these claims, we need not reach the fourth claim of error asserted by the defendant, namely, that the trial court erred in failing to provide the proper credit to the defendant regarding collateral held by the plaintiff.

entity. The plaintiff conducted his business with Salo Resch through his authorized agent, Bert Resch."

The defendant first claims that the trial court erred in basing its decision on the trade name certificate because the plaintiff merely attached a copy of the document to the complaint but did not introduce it into evidence. The plaintiff argues that the court's finding was based not only on the trade name certificate, but also by the drawing of an adverse inference; *Secondino* v. *New Haven Gas Co.*, 147 Conn. 672, 165 A.2d 598 (1960); from the defendant's failure to appear at trial and testify. The plaintiff also argues that the court properly considered the trade name certificate in its decision because it was part of the pleadings under Practice Book § 141, which permits exhibits to be made a part of the complaint. We agree with the defendant.

The plaintiff alleged that Salo Resch was doing business as "47th Street Diamond Company." The defendant in his answer denied all the allegations of the complaint, except that he had not paid any money to the plaintiff. While a complaint includes all exhibits attached thereto; Practice Book § 141; *Redmond* v. *Matthies,* 149 Conn. 423, 425–26, 180 A.2d 639 (1962); this does not mean that such exhibits can be properly considered by the factfinder in lieu of evidence. Exhibits attached to a complaint can be considered by the factfinder if the defendant, through his answer or other responsive pleading, admits to the factual allegations contained therein so that the pleading constitutes a judicial admission. See Practice Book § 129; *Tough* v. *Ives,* 162 Conn. 274, 283, 294 A.2d 67 (1972). Any allegation that is denied by the defendant, however, must be proven by the plaintiff. See *Schwarz* v. *Waterbury Public Market, Inc.,* 6 Conn. App. 429, 433, 505 A.2d 1272 (1986).

The plaintiff's argument that the trial court also based its decision on the adverse inference created by the defendant's failure to testify is without merit. The only evidence in this case regarding the status of the plaintiff's business entity was the memoranda, which, with one exception, listed the entity at issue as "47th St. Diamond *Inc.*" (Emphasis added.) It is axiomatic that "[t]he fact issues at trial should be decided upon the facts 'in the record', i.e., facts officially introduced in accordance with the rules of practice, and facts which the court may judicially notice." C. McCormick, Evidence (3d Ed.) § 51, p. 122 n.1. An adverse inference, without more, is insufficient to support a finding by the trier of fact. "Such negative inferences cannot supply proof of a particular fact. Accordingly, negative inferences do not help a party establish a prima facie case and can be used only by the trier in weighing the evidence and determining the ultimate burden of persuasion. *Secondino* v. *New Haven Gas Co.*, [supra], 657; *Doty* v. *Wheeler,* 120 Conn. 672, 679, 182 A. 468 (1936)." C. Tait & J. LaPlante, Handbook of Connecticut Evidence (2d Ed.) § 8.2.3, p. 230.

The trial court also erred in relying on records of the secretary of the state's office to determine that "47th Street Diamond Co., Inc." was not listed as a corporate entity. No such evidence was introduced at trial. In our adversary system, the parties have the burden of presenting evidence at trial pursuant to our rules and practices. Only evidence that is formally introduced can be considered by the trier of fact in the resolution of issues before it. C. McCormick, supra, § 51, p. 122.

The gist of the defendant's third claim of error is that neither of these errors is harmless. We agree. It is clear that the court resolved the issue of whether 47th Street was a corporate entity on the basis of the trade name certificate and on records of the secretary of the state's office.

There is error, the judgment is set aside and the case is remanded for a new trial.

In this opinion the other judges concurred.