[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On December 30, 1992, the plaintiffs, Nancy and Santuccio Ferrucci, filed a two-count complaint against the defendant, Liberty Mutual Fire Insurance Company ("Liberty Mutual"). In count one of the complaint, Nancy Ferrucci alleges that while she was stopped in her vehicle at a red light, a vehicle driven by McDonald Wiley struck her vehicle in the rear causing her to suffer various injuries. Nancy Ferrucci alleges that, because Wiley is underinsured, she is entitled to recover for her injuries from the defendant, who insures the plaintiffs' vehicle through the uninsured motorist provision of the policy. In count two Santuccio Ferrucci alleges loss of consortium.
On April 6, 1993, the defendant filed an answer and two special defenses. In the first special defense the defendant contends that Nancy Ferrucci was negligent in that she failed to keep a proper lookout and failed to avoid the collision. In the second special defense the defendant claims that it is entitled to have any damages against it reduced by any amounts paid by collateral sources or by Wiley's insurer.
On April 26, 1993, the plaintiffs filed a motion for summary judgment on the issue of the underinsured motorist's liability for the collision. The motion was accompanied by a supporting CT Page 7747 memorandum of law, a copy of the policy report and the affidavit of Nancy Ferrucci. On April 30, 1993, the defendant filed an objection to the motion for summary judgment, a memorandum supporting its objection and a copy of the Ferrucci's insurance policy. On May 4, 1993, the plaintiffs filed supplemental documentation in support of their motion for summary judgment. This documentation included copies of letters, a general release of Wiley from liability, and proof of claim for benefits; all documents were uncertified copies.
On April 30, 1993, the defendant filed a motion for summary judgment on the loss of consortium claim. The defendant filed a supporting memorandum of law and the affidavit of Thomas Cowles, a Liberty Mutual employee, which validated the attached copy of the Liberty Mutual policy issued to the plaintiffs. On May 26, 1993, the plaintiffs filed an objection to the defendant's motion for summay [summary] judgment.
Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book 384. In determining whether there is a genuine issue as to a material fact, the evidence is considered in the light most favorable to the non-moving party. Strada v Connecticut Newspapers, Inc., 193 Conn. 313, 317, 477 A.2d 1005
(1984). "A motion for summary judgment shall be supported by such documents as may be appropriate, including but not limited to affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like." Practice Book 380.
I. Plaintiffs' Motion For Summary Judgment Re Negligence of Underinsured Motorist
In support of their motion for summary judgment, the plaintiffs filed the affidavit of Nancy Ferrucci, a copy of the police report, and copies of letters and documents relating to their claim under the uninsured motorist provision of the policy. "The language of [Practice Book] 380 requires the document submitted to be probative and in the nature of proof. Incompetent evidence such as hearsay cannot be considered to establish an issue of fact in a motion for summary judgment." Torres v. Flynn, 7 Conn. L. Rptr. 56, 57 (July 9, 1992, Miano, J.). "Uncertified copies of documents to which no affidavit CT Page 7748 exists attesting to their authenticity . . . do not constitute `proof' or `documentary evidence.'" Langlais v. Guardian Life Insurance Co., 7 Conn. L. Rptr. 34, 35 (July 7, 1992, Lewis, J.). The correspondence and documents relating to the plaintiffs' claim are not properly before the court because they are uncertified and not accompanied by an affidavit. The police report contains hearsay and cannot be considered by the court.
In her affidavit, Nancy Ferrucci states that she was stopped at a red traffic light when her car was struck in the rear by a vehicle driven by Wiley. She also states various legal conclusions. Practice Book 381 requires that affidavits state facts based on personal knowledge that would be admissible in evidence. See United Oil Co. v. Urban Redevelopment Commission,158 Conn. 364, 377, 260 A.2d 596 (1969). In deciding the motion for summary judgment, the court must consider only the factual statements contained in the affidavit.
"Issues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner. Fogarty v. Rashaw, 193 Conn. 442, 446,476 A.2d 582 (1986). "The conclusion of negligence requires findings of fact." Carroll v. Topolski, 4 Conn. L. Rptr. 503 (September 12, 1991, Santos, J.). In motor vehicle accident cases in which the court has found one driver to be negligent as a matter of law either the party opposing the motion for summary judgment has not alleged contributory negligence of the moving party, or an affidavit in which the negligent party admitted violating a statute had been submitted to the court. See, e.g., Caseria v. Klass, 7 CSCR 1266, 1267 (October 20, 1992, McGrath, J.); Hamill v. Smith, 25 Conn. Sup. 183, 184-85 (Super.Ct. 1964).
Liberty Mutual specially pleaded the negligence of Nancy Ferrucci. The only affidavit submitted by the plaintiffs in support of their motion for summary judgment is that of Nancy Ferrucci. No affidavits were submitted by the defendant. The plaintiffs have not met their burden of demonstrating that they are entitled to judgment as a matter of law. The plaintiffs' motion for summary judgment is therefore denied.
II. Defendant's Motion For Summary Judgment Re Loss of Consortium
The defendant claims that loss of consortium is not a bodily injury for which damages are provided under its policy and seeks summary judgment on that basis. The policy, which was attached CT Page 7749 to and verified by the affidavit of a Liberty Mutual employee provides: "We will pay compensatory damages which an `insured' is legally entitled to recover from the owner or operator of an `uninsured motor vehicle' because of `bodily injury:' 1. Sustained by an `insured;' and 2. Caused by an accident." "Underinsured motor vehicles are included `within the definition of uninsured motor vehicles. Bodily injury is defined as `bodily harm, sickness or disease, including death that results."
"Loss of consortium, although a separate cause of action, is not truly independent, but rather derivative and inextricably attached to the claim of the injured spouse." Izzo v. Colonial Penn Ins. Co., 203 Conn. 305, 312, 524 A.2d 641 (1987). "[B]ecause a consortium action is derivative of the injured spouse's cause of action, the consortium claim would be barred when the suit brought by the injured spouse has been terminated by settlement or by an adverse judgment on the merits." Hopson v. St. Mary's Hospial [Hospital], 176 Conn. 485, 494, 408 A.2d 260 (1979). The court should not make a determination on the loss of consortium claim until the plaintiffs' negligence claim has been resolved.
In addition, even if the negligence claim has been resolved, the defendant is not entitled to judgment as a matter of law. There is a split of authority in the Superior Court regarding loss of consortium claims under the uninsured motorist provision of an automobile policy. See, e.g., Smith v. Amica Mutual Insurance Co., 7 Conn. L. Rptr. 539 (October 29, 1992, Aurigemma, J.) (allowing loss of consortium claim); McKenna v. Petro,5 Conn. L. Rptr. 136 (October 10, 1991, Meadow, J.) (denying loss of consortium claim). The defendant's motion for summary judgment is denied for the foregoing reasons.
Howard F. Zoarski, Judge CT Page 7750