[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE NO. 106 AND MOTION FORSUMMARY JUDGMENT NO. 108
CT Page 4896
On October 24, 1994, the plaintiff, John M. Durso, filed a two count revised complaint against the defendants, the Town of Sherman ("Sherman") and the Town of New Fairfield ("New Fairfield"), arising out of an automobile accident that occurred on Wanzer Hill Road in the Town of Sherman.[1] Durso alleges the following facts in his revised complaint with respect to both Sherman and New Fairfield.
On December 13, 1993, Durso was proceeding in his automobile in an easterly direction on Wanzer Hill Road when he came upon a patch of ice which had accumulated on the roadway. The condition existed for such a period of time that Sherman and New Fairfield knew or should have known of it. As a result of the defective condition, Durso slid off the roadway and collided with two fence posts and a tree. Durso alleges that Sherman and New Fairfield were charged with the maintenance of the highway, and the defective condition of the roadway was the sole proximate cause of the accident. As a result of the negligence of Sherman or New Fairfield, Durso suffered numerous personal injuries.
On February 4, 1994, pursuant to General Statutes, Sec.13a-149, Durso provided Sherman and New Fairfield with a notice of claim. The notice contained the following description of the location of the accident and the injuries suffered by Durso: "Mr. Durso was driving along Wanzer Hill Road in the Town of Sherman [New Fairfield] at a reasonable rate of speed when he hit an entire stretch of road that was covered with ice. . . . As a result of the incident, Mr. Durso suffered numerous injuries, some of which may be permanent. As the bills are incurred, I will forward them to your insurance carrier upon notification as to which carrier will be representing you." This was the only notice of claim that New Fairfield received.
On February 25, 1994, Durso forwarded a more definite notice to Sherman, which reads as follows: "Supplementing my letter of February 4, 1994 please be advised that I still do not have the accident report to pinpoint the exact location of the accident but the accident report summary seems to indicate that the accident occurred in front of 20 Wanzer Hill Road before the entrance to Sail Harbor."
On October 31, 1994, New Fairfield filed a motion to strike CT Page 4897 the second count of Durso's revised complaint on the ground that Durso's allegation of a defective highway action pursuant to General Statutes, Sec. 13a-149 is legally insufficient "because the plaintiff has failed to give proper statutory notice because her [sic] statutory notice fails to give a general description of the location of the accident and of the alleged injuries." Therefore, New Fairfield contends, its motion to strike count two of Durso's complaint should be granted.
On November 8, 1994, Durso filed an objection to New Fairfield's motion to strike, arguing that the saving provisions of section 13a-149 cure any inaccuracies in the content of the notice because there was no intent by Durso to mislead New Fairfield in the content of the notice, and New Fairfield was not in fact misled by the notice. Further, he argues that the purpose of the notice requirement has been satisfied in that it provided New Fairfield with enough information to investigate Durso's claim.
On November 10, 1994, Sherman filed a motion for summary judgment, arguing that the February 4, 1994 notice provided to Sherman by Durso was insufficient, as a matter of law, to comply with section 13a-149. On November 14, 1994, Durso filed an objection to the motion for summary judgment. Attached thereto is the February 25, 1994 supplemental notice he transmitted to Sherman. Also attached is a letter dated February 15, 1994, to Durso's counsel, from Margaret M. Benedict, an adjuster from Reliance Insurance Company, Sherman's carrier, indicating that Benedict had conducted an investigation of the claim, and based on the circumstance of the accident, the claim would be denied.
On January 9, 1994, Sherman filed its reply to Durso's opposition to the motion for summary judgment. Attached thereto are two pages of an unauthenticated and uncertified police report along with an unauthenticated and uncertified tax map of the Town of Sherman. Also attached is the notarized affidavit of Anthony V. Hapanowich, the First Selectman of the Town of Sherman, that is based in large part on the unauthenticated and uncertified material.
In his affidavit, Hapanowich indicates that some time after December 13, 1993, "the Town of Sherman received a copy of a Police Report."[2] The police report, however, has not been authenticated by an individual with personal knowledge of its contents. Hapanowich's affidavit also describes the location of CT Page 4898 the accident based on the contents of the unauthenticated and uncertified police report.[3]
Based on the contents of the police report, the map and Mr. Hapanowich's affidavit, Sherman contends that the notice provided to it by Durso patently fails to comply with the requirements of General Statutes, Sec. 13a-149. Thus, Sherman argues, it deserves judgment as a matter of law.
General Statutes, Sec. 13a-149 provides, in pertinent part, that "[a]ny person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair. . . . No action for any such injury shall be maintained against any town, city, corporation or borough, unless written notice of such injury and a general description of the same, and of the cause thereof and of the time and place of its occurrence, shall, within ninety days thereafter be given to a selectman or the clerk of such town, or to the clerk of such city or borough, or to the secretary or treasurer of such corporation. . . . No notice given under the provisions of this section shall be held invalid or insufficient by reason of an inaccuracy in describing the injury or in stating the time, place or cause of its occurrence, if it appears that there was no intention to mislead or that such town, city, corporation or borough was not in fact misled thereby."
With respect to the content of the notice, the Supreme Court has held that an injured party must provide the following five prong notice to the municipality as a condition precedent to an action for damages: (a) written notice; (b) the general description of the injury; (c) the cause; (d) the time and date; and (e) place of the occurrence. Pratt v. Old Saybrook, 225 Conn. 177,180, 621 A.2d 1322 (1993), citing Marino v. East Haven, 120 Conn. 577,579, 182 A. 225 (1935). If the plaintiff fails to transmit the requisite notice within ninety days from the date of the accident, he or she is barred from any recovery. Id., 181.
"Whether notice is sufficient [to satisfy the statutory requirements] is normally a question of fact for the jury."Bassin v. Stamford, 26 Conn. App. 534, 539, 602 A.2d 1044 (1992), citing Morico v. Cox, 134 Conn. 218, 223, 56 A.2d 522 (1947). "Before submitting the question to the jury, however, the trial court must first determine whether, as a matter of law, a purported notice `patently meets or fails to meet' the . . . [five part test of the statute.]" Ierna v. Manchester, 4 Conn. L. CT Page 4899 Rptr. 243, 244 (July 2, 1991, Wagner, J.), citing Ozmun v. Burns,18 Conn. App. 677, 681, 559 A.2d 1143 (1989); see also Lussier v.Department of Transportation, 228 Conn. 343, 357, 636 A.2d 808
(1994) (construing General Statutes, Sec. 13a-144, adopting the patent failure test).
Unlike an action brought pursuant to General Statutes, Sec.13a-144 against the state, however, which the court must strictly construe, the provisions of section 13a-149 are subject to a very liberal construction in favor of the plaintiff, given the provision of a saving clause in section 13a-149 that is not found in section 13a-144. Pratt v. Old Saybrook, supra, 225 Conn. 183, citing Johnston v. Sikes, 56 Conn. 589, 596 (1888).
"In determining whether the notice is sufficient, we must look to the purpose of the statute." Id., 182, citing Sizer v.Waterbury, 113 Conn. 145, 157-58, 154 A. 639 (1931). "The purpose of the notice requirement is not to set a trap for the unwary or to place an impediment in the way of an injured party who has an otherwise meritorious claim. Rather, the purpose of the notice is to allow the municipality to make a proper investigation into the circumstances surrounding the claim in order to protect its financial interests. Wethersfield v. National Fire Ins. Co.,145 Conn. 368, 372, 143 A.2d 454 (1958). More specifically, as we recently stated in Sanzone v. Board of PoliceCommissioners, . . . [219 Conn. 179, 192, 592 A.2d 912 (1991)], the `statutory notice assists a town in settling claims promptly in order to avoid the expenses of litigation and encourages prompt investigation of conditions that may endanger public safety, as well as giving the town an early start in assembling evidence for its defense against meritless claims.'" Pratt v. OldSaybrook, supra, 225 Conn. 182. "`If, under the circumstances ofa given case, the notice is sufficient for its intended purpose, it will be regarded as a good notice.'" (Emphasis in original.)Sizer v. Waterbury, supra, 113 Conn. 158, quoting Delaney v.Waterbury Milldale Tramway Co., 91 Conn. 177, 181, 99 A. 503
(1916); see also Merola v. Burns, 21 Conn. App. 633, 638,575 A.2d 1025 (1990) (reaffirming principle, construing section13a-144).
The saving clause of General Statutes, Sec. 13a-149 is activated if there is no intent by the claimant to mislead the municipality by virtue of an inaccuracy in the notice or if the municipality is not, in fact, misled. Giannitti v. Stamford,25 Conn. App. 67, 76, 593 A.2d 140, cert. denied, 218 Conn. 918, CT Page 4900597 A.2d 333 (1991). Further, the saving clause is to be liberally construed. Pratt v. Old Saybrook, supra, 225 Conn. 182.
With this construction as a background, the memorandum will first address New Fairfield's motion to strike and then discuss Sherman's motion for summary judgment.
I. New Fairfield's Motion to Strike
"The purpose of a motion to strike is to `contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." NovametrixMedical Systems v. BOC Group, Inc., 224 Conn. 210, 214-15,618 A.2d 25 (1992); Practice Book, Sec. 152. A motion to strike is appropriate where a "`pleading . . . on its face is legally insufficient, although facts may indeed exist which, if properly pleaded, would establish a cause of action upon which relief could be granted. . . .'" Gurliacci v. Mayer, 218 Conn. 531, 544,590 A.2d 914 (1991).
In ruling on the motion, the court may not look outside the pleadings and "`cannot be aided by the assumption of any facts not therein alleged.'" Liljedahl Bros., Inc. v. Grigsby,215 Conn. 345, 348, 576 A.2d 149 (1990). "`The court must construe the facts in the complaint most favorably to the plaintiff.'" Novametrix Medical Systems v. BOC Group, Inc., supra,224 Conn. 215.
Attached to Durso's complaint is the notice of claim his attorney sent to New Fairfield pursuant to General Statutes, Sec.13a-149. This notice, dated February 4, 1994, indicated that Durso "was driving along Wanzer Hill Road in the Town of New Fairfield." Durso further indicates therein that he "suffered numerous injuries, some of which may be permanent."
"Notice `is sufficient if it enables one of ordinary intelligence, using ordinary diligence under the circumstances, to ascertain where the injury occurred.'" (Emphasis added.)Bassin v. Stamford, supra, 26 Conn. App. 539, quoting Shaw v.Waterbury, 46 Conn. 263, 266 (1878). The allegation that the accident occurred on Wanzer Hill Road in New Fairfield is insufficient to give New Fairfield an opportunity to determine where the injury occurred. See Greenberg v. Waterbury, 117 Conn. 67,70, 167 A. 83 (1933) ("[t]he allegation that plaintiff's decedent fell `upon a sidewalk of a highway known as North Elm CT Page 4901 Street' obviously is insufficient as a notice of the place of the fall"); see also Bresnan v. Frankel, 224 Conn. 23, 25-26,615 A.2d 1040 (1992) (construing section 13a-144, the description of the location in the notice as "Route 14A, Plainfield, Connecticut" determined to be inadequate).
Therefore, Durso "can recover only if it appears, under the saving clause of the statute, that there was no intention to mislead, or that the city was not in fact misled, by an inaccuracy in describing the place of the . . . [accident]."[4]Greenberg v. Waterbury, supra, 117 Conn. 70. Before addressing whether or not there has been any deception or misleading, however, the court must determine if Durso's notice is sufficient to invoke the saving clause of section 13a-149.
"While the saving clause will excuse inaccuracies in the content of the notice, however, it will not excuse a complete absence of notice." Bassin v. Stamford, supra, 26 Conn. App. 538, citing Nicholaus v. Bridgeport, 117 Conn. 398, 401, 167 A. 826
(1933). In Nicholaus, the plaintiff failed altogether to indicate the cause of her fall, that is, the defect or defective condition of the highway that brought about her injury. She simply stated that she fell on "Chopsey Hill Road about 500 feet from Fairview Avenue going east. . . ." Nicholaus v. Bridgeport, supra,117 Conn. 400. She never alleged the agency that caused the fall. Id. Therefore, the court held that the saving clause was inapplicable as a matter of law because there was a complete absence of notice as to the dangerous condition that caused the fall.
In Norwalk Co-op v. Town of Greenwich, 7 Conn. L. Rptr. 72, 74 (July 15, 1992, Lewis, J.), Judge Lewis dealt with the application of the section 13a-149 saving clause in the context of a vague statement by the plaintiff in her notice as to the location of the accident. The plaintiff's notice recited the location of the accident as "an accident on Glenville Road, Greenwich." Id. The court held that the description was "insufficient as a matter of law and the saving clause, which operates to cure `inaccuracies,' does not cure" the plaintiff's description of the location of the accident as "Glenville Road, Greenwich." Id. Based on the inapplicability of the saving clause, the court granted the defendant's motion for summary judgment.
In the present case, as with the plaintiff in Norwalk Co-op, Durso provided insufficient notice of the location of the CT Page 4902 accident to allow the activation of the section 13a-149 saving clause. Durso simply indicated in his notice that he crashed the car on Wanzer Hill Road. These facts are virtually indistinguishable from the "Glenville Road" notice in NorwalkCo-op that the court found to be patently insufficient to invoke the saving clause.
The court finds that the location element of Durso's notice patently fails to meet the requirements of General Statutes, Sec.13a-149, and, as a result, the saving clause does not apply.[5]Norwalk Co-op v. Town of Greenwich, supra, 7 Conn. L. Rptr. 74;Ierna v. Manchester, supra, 4 Conn. L. Rptr. 244. Based on the foregoing, New Fairfield's motion to strike count two of Durso's complaint is granted.
II. Sherman's Motion for Summary Judgment
"Practice Book, Sec. 384 provides that summary judgment `shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Water Way Properties v. Colt'sMfg. Co., 230 Conn. 660, 664, 646 A.2d 143 (1994). "`The movant must show that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact.'" State v. Goggin, 208 Conn. 606, 616,546 A.2d 250 (1988). "`In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . .'" Suarez v. Dickmont Plastics Corp.,229 Conn. 99, 105-06, 639 A.2d 507 (1994).
"A motion for summary judgment shall be supported by such documents as may be appropriate, including but not limited to affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like." Practice Book, Sec. 380. "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto." Practice Book, Sec. 381; Fogarty v. Rashaw, 193 Conn. 442, 444 n. 1, 476 A.2d 582
(1984).
In support of its motion for summary judgment, Sherman relies CT Page 4903 on two pages of an unauthenticated and uncertified police report along with an unauthenticated and uncertified tax map of the town of Sherman. Neither of the documents are sworn to. Sherman also filed in support of its motion an affidavit of Anthony V. Hapanowich, the First Selectman of the Town of Sherman. The contents of his affidavit are based on the unauthenticated, unsworn and uncertified police report. Hapanowich, as a selectman, is unable to certify, swear to the veracity of or authenticate the police report since he has no personal knowledge of its creation or contents.
In Ferrucci v. Liberty Mutual Fire Ins., 8 CSCR 939 (August 25, 1993, Zoarski, J.), the court refused to consider the contents of an unsworn and uncertified police report in ruling on the defendant's motion for summary judgment. "`The language of [Practice Book] 380 requires the document submitted to be probative and in the nature of proof. . . . Uncertified copies of documents to which no affidavit exists attesting to their authenticity . . . do not constitute `proof' or `documentary evidence.'" Id., citing Torres v. Flynn, 7 Conn. L. Rptr. 56, 57 (July 9, 1992, Miano, J.) and Langlais v. Guardian Life InsuranceCo., 7 Conn. L. Rptr. 34, 35 (July 7, 1992, Lewis, J.); see alsoArroyo v. UBE Industries America, 9 Conn. L. Rptr. 25, 27 (April 28, 1993, Langenbach, J.) (certified and authenticated copies required by Practice Book, Secs. 380-381).
Since the police report is neither sworn to, certified or in any fashion authenticated by an individual with personal knowledge, the cases interpreting Practice Book, Sec. 380 suggest that it should not be considered by the court in ruling on the motion for summary judgment. Further, for the same reasons the cases indicate that those portions of Mr. Hapanowich's affidavit that rely on the police report should not be considered by the court in its decision. Since Durso has not objected to the use of the police report or the affidavit, the court may consider these items as evidence in ruling on the motion for summary judgment.Carlson v. Weingarten, Superior Court, Judicial District of New London at New London, Docket No. 51 18 63 (October 22, 1993, Hurley, J.) (where parties submitted unauthenticated and uncertified evidence on motion for summary judgment, court would consider it where there is no objection).
With respect to the statutory notice issue, Sherman argues, as New Fairfield did, that the location of the accident given by Durso in his section 13a-149 notice was patently insufficient, CT Page 4904 thus, they deserve judgment as a matter of law. In response, Durso argues that he did not intend to mislead Sherman and, in fact, Sherman was not misled; therefore, the saving clause of section 13a-149 requires that the motion for summary judgment be denied.
For purposes of the motion for summary judgment, the following facts comprise the evidence viewed in the light most favorable to Durso. Durso filed his original February 4, 1994 notice and a supplemental notice on February 25, 1994 which pinpointed the accident in front of 20 Wanzer Hill Road near the entrance to Sail Harbor. Prior to the mailing of the supplemental notice, however, Sherman's carrier had already investigated the claim by reviewing the police report, which purportedly contains the exact location of the accident, some distance from the address given by Durso.[6] On February 15, 1994, the carrier determined that Durso was comparatively negligent, therefore, it denied his claim.
Only if there is an intent to mislead on the part of Durso or if Sherman was actually mislead by the notice does the saving clause contained in section 13a-149 not apply. Giannitti v.Stamford, supra, 25 Conn. App. 76. Sherman does not argue that Durso had any intent to mislead it in pinpointing the location of the accident. Nor, has Sherman shown that it was, in fact, misled by the notice, since it obtained the police report, investigated the claim and denied it prior to ever receiving the supplemental notice. Since there has not been a complete absence of notice;Bassin v. Stamford, supra, 26 Conn. App. 538; and Durso provided Sherman with a notice pinpointing the accident in front of 20 Wanzer Hill Road, in addition to the original notice, the application of the saving clause, relative to the location of the accident contained in the notices, is a question of fact for the jury.[7] Shapiro v. Hartford, 4 Conn. App. 315, 317-18,494 A.2d 590 (1985) (whether saving clause of section 13a-149 applies with regard to its misleading nature, is a question of fact for the jury).
Therefore, Sherman's motion for summary judgment is denied as it relates to Durso's description of the location of the accident in his section 13a-149 notice.
Sherman also argues in support of its motion for summary judgment, as did New Fairfield, that the general description of the injuries that Durso provided to Sherman is insufficient as a CT Page 4905 matter of law. The notice reads as follows: "As a result of the incident, Mr. Durso suffered numerous injuries, some of which may be permanent. As the bills are incurred, I will forward them to your insurance carrier upon notification as to which carrier will be representing you."
In Sizer v. Waterbury, supra, 113 Conn. 157, the Supreme Court articulated the legislature's intent in requiring a general description of the injuries. "In commenting upon . . . [the amendment to section 13a-149 which added the adjective general to the requirement of an injury description] in a case where the nature of the injury was in question, we pointed out that `the intent of the change [in the statute] was to emphasize the generality, and not the particularity, of the description. . . . Its design was not to make the requirements in that regard more strict and technical, but less so, so that the burden placed upon a claimant should be no greater than was involved in a general description, sufficient to apprise the other party of the general character of the injury fairly, and to such an extent as might be reasonably necessary, under the circumstances, to reasonably protect his interests.'" (Emphasis in original.) Id., citingCassidy v. Southbury, 86 Conn. 45, 50, 84 A. 291 (1912).
The general description of the injuries is sufficient if it "satisfies the purpose of providing `such warning as would prompt [the defendant,] [under the circumstances of the case; id.;] to make such inquiries as he might deem necessary or prudent for the preservation of his interests, and such information as would furnish him a reasonable guide in the conduct of such inquiries, and in obtaining such information as he might deem helpful for his protection.'" Tedesco v. Dept. of Transportation,36 Conn. App. 211, 213, 650 A.2d 579 (1994) (construing section13a-144), quoting Greene v. Ives, 25 Conn. Sup. 356, 358-59,204 A.2d 412 (1964).
With respect to the general description of the injury requirement, the purpose of the notice is to allow the municipality to make a proper investigation into the circumstances surrounding the claim in order to protect its financial interests. Wethersfield v. National Fire Ins. Co., supra, 145 Conn. 372. In testing the sufficiency of the notice, "`the circumstances of each case are to be considered. If, underthe circumstances of a given case, the notice is sufficient for its intended purpose, it will be regarded as a good notice.'" (Emphasis in original.) Sizer v. Waterbury, supra, 113 Conn. 158. CT Page 4906 In the present case, a jury could find that the general description of the injuries provided by Durso to Sherman was sufficient to allow Sherman to make a proper investigation into the circumstances surrounding the case, thus satisfying the purposes of the notice.
Upon receiving the February 4, 1994 notice of the claim, Sherman, or its carrier, began to investigate the matter. They acquired the police report describing the actual location of the accident and the extent of Durso's injuries. On February 15, 1994, within eleven days from the mailing of the initial notice to Sherman by Durso's attorneys, and prior to Sherman's receipt of the supplemental notice, Sherman's insurance carrier had completed their investigation of the facts of the claim, including a review of the police report that Durso had not even obtained yet. In the February 15 letter, the adjuster denied the claim, indicating that Durso "was apparently speeding and lost control of his vehicle. . . . This being the case, he cannot recover against the town."
Construing a similar notice under the strict construction requirements of section 13a-144, Justice, then Judge Berdon held that the plaintiff's description of his injuries as "severe personal injuries" presented a jury question as to its sufficiency. Vestutu v. Burns, 3 Conn. L. Rptr. 307 (February 15, 1991, Berdon, J.); see also O'Neil v. Burns, 2 CSCR 3, 4
(November 12, 1986, Reynolds, J.) (the court denied the defendant's motion to strike by requiring only "substantial compliance" with the notice provisions and finding that the plaintiff's recitation that she "sustained numerous internal and external injuries and has been unconscious since the date of the accident" to be sufficient notice to the commissioner).
"The obvious purpose of requiring that the claimant give a description of his or her injury was to put the . . . [town] on notice of the seriousness of the accident and the extent of the investigation which is necessary to protect the interests of the . . . [town]. This purpose is underscored by the language of the 13a-144 which merely requires a `general description of the' injury whereas all the other notice requirements — that is, the cause, time and place — are not so qualified."[8] Vestutu v.Burns, supra, 3 Conn. L. Rptr. 307, citing Sizer v. Waterbury, supra, 113 Conn. 157. "Viewed from this perspective, the notice which furnishes the commissioner with information that the personal injury was `severe' was not so insufficient as to make CT Page 4907 the issue a question of law." Id.
The general description of injuries given by Durso to Sherman is similar to that provided by the plaintiff to the commissioner in the Vestutu case. Moreover, the evidence in this case presents a question of fact as to whether the purpose of the injury notice requirement was satisfied based on Sherman's rapid investigation and denial of the claim.[9] See Sizer v. Waterbury, supra,113 Conn. 158 (if purpose of statute is satisfied the notice is "good"); Merola v. Burns, supra, 21 Conn. App. 633 (same under section 13a-144); see also Johnson v. Stamford, Superior Court, Judicial District of Stamford/Norwalk at Stamford, Docket No. 11 12 03 (June 7, 1991, Ryan, J.) (summary judgment denied on section 13a-149 claim where notice allowed police officers to conduct investigation).
Considering the circumstances of this case and the liberal construction required to be given to General Statutes, Sec.13a-149, the notice of injury provided to Sherman by Durso is not so patently insufficient as to require judgment as a matter of law. Rather, the notice "poses a question which should be determined by a trier of fact." Ierna v. Manchester, supra,4 Conn. L. Rptr. 244.
Based on the foregoing, Sherman's motion for summary judgment is denied.
Leheny, J.