[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
J. Iapaluccio, Inc. (hereafter "Iapaluccio"), has filed an amended complaint against the defendant, City of Torrington (City), for breach of contract arising out of the City's alleged award of and subsequent revocation of a construction contract to the plaintiff to build a cap over the City's landfill. The City filed its answer to the amended complaint denying that it had entered into a contract with the plaintiff and asserted a special defense of governmental immunity. CT Page 12876
Iapaluccio next moved for summary judgment. In support of its motion, it filed the affidavit of Michael J. Iapaluccio, its president. Therein, he avers that his company submitted a bid in response to an invitation for bids circulated by the City. All of the specifications, plans, terms and conditions of the Contract that would be entered into between the City and the successful bidder were included with the invitation for bids. . . . Iapaluccio was the lowest responsible and responsive bidder. On or about June 8, 1994, Iapaluccio received from the City a letter dated June 7, 1994 stating that the City Council awarded the contract for the Construction of the Project to Iapaluccio." Iapaluccio Affidavit pars. 7, 8 and 9.
Incorporated in the affidavit is the June 7, 1994 letter from Matt Dominy, P.E., the director of the Torrington Department of Public Works, that recites: "As you are probably aware by now, City Council awarded your firm the contract for closure of the municipal solid waste landfill in Torrington. I have asked Ralph Klass of CCA to set up a preconstruction conference at your earliest convenience. Please have all of your bonds in hand."
Iapaluccio's affidavit continues by stating that the plaintiff "delivered to the City all necessary performance and payment bonds in order to perform work under the Contract. At all times relevant hereto, Iapaluccio was ready, willing and able to perform the Contract, but was prevented by the City from proceeding with any work thereunder. On or about June 29, 1994, Iapaluccio received a letter from the City, [incorporated by reference into the affidavit], dated June 28, 1994, stating that its bid was being rejected." Iapaluccio Affidavit pars. 10 and 13.
In response to the motion for summary judgment, the City filed an opposing memorandum a day after the court had taken the papers. This filing was untimely under § 380 of the Practice Book, which requires written opposition to be filed "prior to the day the case is set down for short calendar." The opposition is not supported by an affidavit or any sworn or certified papers. The City appended a document entitled "City of Torrington Sealed Bid Request," a document headed "Bid" and an unsigned "Invitation to Bid." The evidence supporting the opposition is uncertified, and the City's memorandum is replete with factual assertions made by the attorney whose statements are not under oath and who is not alleged to be an individual with "personal knowledge" of the subject matter of the suit as mandated by § 381. CT Page 12877
"Practice Book 384 provides that summary judgment `shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."' Water Way Properties v. Colt'sManufacturing Co., 230 Conn. 660, 664. A summary judgment may be rendered on the issue of liability alone although there may be a genuine issue as to the amount of damages. Section 385. "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . ." Suarez v. Dickmont Plastics Corp.,229 Conn. 99, 105.
Iapaluccio has produced evidence that it bid for the job to cap the landfill in response to an invitation circulated by the City and that the City awarded it the contract. The language indicating that the City had awarded the contract to the plaintiff is explicitly set forth in the letter from the City's director of public works to the plaintiff.
"A bid, even the lowest responsible one, submitted in response to an invitation for bids is only an offer which, until accepted by the municipality, does not give rise to a contract between the parties." Ardmare Construction Co. v.Freedman, 191 Conn. 497, 501-02; see also John J.Brennan Construction Corporation Inc. v. Shelton, 187 Conn. 695,702. Stated another way, "[w]here the municipality `reserves the right to reject any and all bids, no bidder can claim any contractual rights until he has been awarded the contract."'Spiniello Construction Co. v. Manchester, 189 Conn. 539,544, quoting 10 McQuillin, Municipal Corporations, § 29.29 (3d Ed. Rev.).
In the present case, Iapaluccio has established through Dominy's letter that the City awarded it the contract and at all times material hereto, it was ready, willing and able to perform. At this juncture, since it has supported its prima facie case with evidence in the form of an affidavit incorporating the Dominy letter, the burden is transferred to the City to establish that a genuine issue of material fact exists from an evidentiary standpoint as to the City's breach of the contract between the parties.
"Although the party seeking summary judgment has the burden CT Page 12878 of showing the nonexistence of any material fact; . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Citations omitted.) Water Way Properties v. Colt's ManufacturingCo., supra, 230 Conn. 664-65. (Internal quotation marks omitted.) "`To oppose a motion for summary judgment successfully, the nonmovant must recite specific facts which contradict those stated in the movant's affidavits and documents."' Hammer v.Lumberman's Mutual Casualty Co., 214 Conn. 573, 579. In opposition to the plaintiff's motion, the City relies on assertions of fact by its attorney contained in the opposition memorandum and three unsworn to and uncertified documents: the sealed bid request, the bid and the invitation to bid.
Documentation filed to contest a motion for summary judgment may include "affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like." See § 380 of the Practice Book. "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers thereof referred to in an affidavit shall be attached thereto." Section 381;Fogarty v. Rashaw, 193 Conn. 442, 444 n. 1.
In Ferrucci v. Liberty Mutual Fire Insurance Co.,8 CSCR 939 (August 25, 1993, Zoarski, J.), the court wrote that "[t]he language of [Practice Book §] 380 requires the document submitted to be probative and in the nature of proof. . . . `Uncertified copies of documents to which no affidavit exists attesting to their authenticity . . . do not constitute `proof' or `documentary evidence.'" See alsoUptown Federal Savings and Loan v. Define, Superior Court, Judicial District of Danbury, Docket No. 30 13 28 (April 15, 1993, Moraghan, J.) (certified and authenticated documentation required to comply with Practice Book §§ 380-381); Arroyo v. UBE Industries America, Inc.,9 Conn. L. Rptr. 25, 27 (April 28, 1993, Langenbach, J.) (certified and authenticated copies are required by Practice Book §§ CT Page 12879 380-381); Torres v. Flynn, 7 Conn. L. Rptr. 56, 57 (July 9, 1992, Miano, J.) (same); Langlais v. Guardian Life InsuranceCo., 7 Conn. L. Rptr. 34, 35 (July 7, 1992, Lewis, J.) (same); Langlais v. Guardian Life Insurance Co.,
Superior Court, Judicial District of Fairfield at Bridgeport, Docket No. 25 28 26 (December 1, 1992, Leheny, J.) (authenticated documentary evidence required to support motion for summary judgment).
In the present case, the City has not filed an affidavit or any appropriately certified evidentiary material that contradicts the contents of Iapaluccio's affidavit and accompanying documentation. The City has not "substantiate[d] its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue"; Water Way Properties v. Colt's ManufacturingCo., supra.
Iapaluccio's motion for summary judgment as to liability may be granted.
Moraghan, J.