[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
The plaintiff, Compass Bank for Savings, brings this action against the defendants, Richard A. Katz and April L. Katz, to CT Page 3527 enforce a judgment entered against the defendants in Massachusetts.
The pertinent facts, as alleged in the complaint, are as follows. The plaintiff is a banking association organized under the laws of the Commonwealth of Massachusetts. The defendants are individuals who, at all relevant times, resided in East Lyme, Connecticut. In 1993, the plaintiff commenced an action in Massachusetts to recover a deficiency resulting from a mortgage foreclosure on the defendant's real property in Massachusetts. The defendants were served in Connecticut under Massachusetts law but failed to appear and defend. Thereafter, a judgment for the deficiency entered against the defendants in Massachusetts in the amount of $47,087.08.
The plaintiff moves for summary judgment on the ground that there is no genuine issue of material fact that Massachusetts had jurisdiction over the defendants and that the plaintiff is entitled to judgment as a matter of law in Connecticut under the Uniform Foreign Money-Judgments Recognition Act, General Statutes § 50a-30, et seq. In support of the motion, the plaintiff filed uncertified copies of documents in the action for the foreclosure deficiency, namely, the civil action cover sheet; the complaint; the certificate of service on the defendants; the proof of service of process on the defendants by certified mail under Massachusetts law; and the default judgment. In addition, the plaintiff filed a letter from Gilbert Sasha, attorney for the plaintiffs in the deficiency action, to the David Galkin, attorney for Compass Bank, and a letter from David Galkin to Gilbert Sasha. The plaintiff also filed an affidavit of debt.
The defendants argue that the Massachusetts judgment is not entitled to full faith and credit because Massachusetts did not have personal jurisdiction over them. According to the defendants, they were not served with process in the Massachusetts action and they did not appear therein. The defendants maintain that the seizure of the Massachusetts property is the plaintiff's only remedy. In support of their memorandum, the defendants filed affidavits and an uncertified copy of the default judgment.
"The standard of review of a trial court's decision to grant a motion for summary judgment is well established." HomeInsurance Co. v. Aetna Life Casualty Co., 235 Conn. 185, 202,663 A.2d 1001 (1995). Summary judgment "shall be rendered CT Page 3528 forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 384. Nolan v. Borkowski,206 Conn. 495, 500, 538 A.2d 1031 (1984). "The party seeking summary judgment bears the burden of showing the nonexistence of any material fact." Cummings Lockwood v. Gray, 26 Conn. App. 293,297, 600 A.2d 1040 (1991). In ruling on a summary judgment motion the court is obliged to accept as true all well pleaded facts and the evidence offered in opposition to the motion, and to determine whether the claim is so clearly unenforceable as a matter of law that no factual development could possibly justify a right to recovery. Suarez v. Dickmont Plastics Corp.,229 Conn. 99, 110, 639 A.2d 507 (1994).
"A motion for summary judgment shall be supported by such documents as may be appropriate, including but not limited to affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like . . . . The adverse party . . . shall file opposing affidavits and other available documentary evidence." Practice Book § 380. "Only evidence that would be admissible at trial may be used to support or oppose a motion for summary judgment." Home Insurance Co. v.Aetna Life Casualty Co., supra, 235 Conn. 202-03; Oberdick v.Echlin Manufacturing Co., Superior Court, judicial district of New Haven at New Haven, Docket No. 259835S (August 25, 1993, Celotto, J.).
"[U]ncertified copies of documents to which no affidavit exists attesting to their authenticity . . . do not constitute `proof' or `documentary evidence.'" Langlais v. Guardian LifeInsurance Co., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 252826 (July 7, 1992, Lewis, J.,7 Conn. L. Rptr. 34). Accordingly, such documents are not properly before the court and they may not be considered on a motion for summary judgment. Id., see also Ferrucci v. Liberty Mutual Fire InsuranceCo., Superior Court, judicial district of New Haven at New Haven, Docket No. 342207 (August 25, 1993, Zoarski, J., 8 CSCR 939);Karabelas v. Munson, Superior Court, judicial district of Litchfield, Docket No. 064071 March 6, 1995, Pickett, J.); Gordonv. Villeges, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 270839 (March 10, 1994, Freedman, J.); J.Iapaluccio, Inc. v. City of Torrington, Superior Court, judicial district of Danbury, Docket No. 318143 (November 13, 1995, Moraghan, J.) (cases cited therein); but see Country Lumber v.CT Page 3529New Haven Shavings Bank, Superior Court, judicial district of New Haven at New Haven, Docket No. 341488S (March 7, 1994, Hartmere, J., 9 CSCR 330) (stating that the court will consider uncertified exhibits offered in opposition to a motion for summary judgment where the moving party has failed to object); Carlson v.Weingarten, Superior Court, judicial district of New London at New London, Docket No. 511863 (October 22, 1993, Hurley J.) (same).
The full faith and credit rule "includes the proposition that lack of jurisdiction renders a foreign judgment void . . . A party can therefore defend against the enforcement of a foreign judgment on the ground that the court that rendered the judgment lacked personal jurisdiction, unless the jurisdictional issue was fully litigated before the rendering court or the defending party waived the right to litigate the issue." Packer Plastics, Inc. v.Laundon, 214 Conn. 52, 56, 570 A.2d 687 (1990).
The plaintiff maintains that all issues as to the existence of the debt and the foreign judgment are uncontroverted and that the only contested issue is whether this court has jurisdiction over the defendants. This issue depends upon whether the Massachusetts court had in personam jurisdiction over the defendants in the deficiency action. The plaintiff relies on the documents relating to the Massachusetts action and the letters between counsel to establish that there is no genuine issue of material fact with respect to jurisdiction.
Under the weight of authority in Connecticut, the documents relating to the Massachusetts action and the letters between counsel in regard thereto are not properly before the court. The documents are uncertified and no affidavit exists attesting to their authenticity. Therefore, they do not constitute "proof" or "documentary evidence." Langlais v. Guardian Life Insurance Co.,
supra.
The Court notes that the plaintiff filed a copy of a certification of the Massachusetts judgment by the assistant clerk of the Superior Court. The judgment states that the summons and complaint were duly served on the defendants. The judgment, even if properly certified, states a legal conclusion and is insufficient to establish that service was properly made upon the defendants. Thus, the question becomes whether the pleadings and affidavit of debt are sufficient to establish that Massachusetts had personal jurisdiction over the defendants. Broadley v. BoardCT Page 3530of Education, 229 Conn. 1, 4 n. 7, 639 A.2d 502 (1994).
The plaintiff filed the affidavit of Robert F. Beals, Assistant Vice President of Compass Bank. In his affidavit, Beals avers that "[a] summons and complaint was served upon the defendants in accordance with the applicable Law and Statutes of the Commonwealth of Massachusetts." (Affidavit of Debt, Robert F. Beals, Assistant Vice President, Compass Bank, 10/21/96, para. 4). "In deciding a motion for summary judgment, the court must consider only the factual statements contained in the affidavit."Ferrucci v. Liberty Mutual Fire Insurance Co., supra. Furthermore, "Practice Book § 381 requires that affidavits state facts based on personal knowledge that would be admissible in evidence." Id., citing United Oil Co. v. Urban RedevelopmentCommission, 158 Conn. 364, 377, 260 A.2d 596 (1969). The affidavit asserts a legal conclusion and is therefore insufficient to establish that service was properly made on the defendants in the Massachusetts action.
The complaint alleges that the defendants were properly served in the Massachusetts action. An uncertified copy of the deficiency judgment is attached to the complaint. See Streicherv. Resch, 20 Conn. App. 714, 716, 570 A.2d 230 (1990) (stating that "a complaint includes all exhibits attached thereto . . . ."). As previously noted, in ruling on a motion for summary judgment, the court is obliged to accept as true all facts well pleaded. Suarez v. Dickmont Plastics Corp., supra,229 Conn. 110. The copy of the judgment and the conclusory allegation in the complaint that the defendants were properly served do not establish the fact that the Massachusetts court had personal jurisdiction over the defendants.
The plaintiff has not met its burden of showing that there is no genuine issue of material fact with respect to jurisdiction. Accordingly, the motion for summary judgment is denied.
Kevin E. Booth, J.