[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Memorandum Order
The respondent mother's motion for protective order, in which the respondent father joins, is denied. See Minnesota v. Murphy, 465 U.S. 420
(1984); Lefkowitz v. Cunningham, 431 U.S. 801 (1977); Ryan v. State ofMontana, 580 F.2d 988 (9th Cir. 1978) (opinion by Kennedy, J.). Summarizing its prior case law, the court in Lefkowitz v. Cunningham
stated that "when a State compels testimony by threatening to inflict potent sanctions unless the constitutional privilege is surrendered, that testimony is obtained in violation of the Fifth Amendment and cannot be used against the declarant in a subsequent criminal prosecution. . . . Similarly, our cases have established that a State may not impose substantial penalties because a witness elects to exercise his Fifth Amendment right not to give incriminating testimony against himself." (Emphasis added.) Lefkowitz v. Cunningham, supra, 805. "[G]overnment cannot penalize assertion of the constitutional privilege against compelled self-incrimination by imposing sanctions to compel testimony CT Page 7361 which has not been immunized." Id., 806.
Here the state has committed none of the transgressions prohibited inCunningham. It has not threatened any sanction against the respondents unless they waive their right against self-incrimination, nor has it imposed or threatened to impose any penalties against them for exercising that right. Such a threat or imposition must be of a consequence that is "automatic." Minnesota v. Murphy, supra, 465 U.S. 438; Baxter v.Palmigiano, 425 U.S. 308, 316-17 (1976). There has been no showing of a threat and there is no sanction on the horizon that is automatic.
Notably, to prevail in a petition for termination of parental rights, the commissioner of the Department of Children and Families must prove that reasonable efforts were used to reunify the family, or that one of the exceptions to the reasonable efforts requirement exists. In re EbonyH., 68 Conn. App. 342, 348-49, 789 A.2d 1158 (2002). The commissioner must also prove grounds for termination of parental rights and that termination is in the child's best interests. General Statutes §17a-112 (j). These three elements must be proved by clear and convincing evidence. Id. True, the trial court may draw an adverse inference against the respondents if they fail to testify. See Baxter v. Palmigiano, supra, 425 U.S. 316-20; Olin Corporation v. Castells, 180 Conn. 49
(1980); In re Felicia S., Superior Court, Juvenile Matters, Ninth District at Montville (May 21, 1993), in which the court (Silbert, J.) stated in dicta that an adverse inference may be drawn against respondent in termination of parental rights proceeding who fails to testify.[1]
Although Practice Book § 34-1(f) provides that the respondents need not testify,[2] there is no Practice Book rule nor any statute that precludes the court from drawing an adverse inference against a parent, in appropriate circumstances, where he or she fails to do so. Where the legislature intended that no adverse inference be drawn from a party's silence in juvenile proceedings, it has clearly said so. See General Statutes § 46b-138a.[3] Here, it has not. But in Connecticut, an adverse inference does not assist a party in establishing a prima facie case; it can only be used by the trier in weighing the evidence and determining whether the ultimate burden of persuasion has been satisfied. Streicher v. Resch, 20 Conn. App. 714, 717, 570 A.2d 230
(1990)
The State may indeed soon be maintaining two parallel proceedings against the respondents, a criminal prosecution for the death of Maximus as well as the petition to terminate their parental rights, which is already pending. However, there is no showing that such a prosecution nor the petition to terminate parental rights is or would be a pretextual ruse to punish the respondents for invoking their Fifth Amendment privilege. See Ryan v. Montana, supra, 580 F.2d 991. The petition to CT Page 7362 terminate parental rights is based on the respondent father's abuse of Kyle in Michigan, the respondent mother's passivity, and the homicidal killing of Maximus while the respondents were his primary caretakers and after the mother observed the father placing a pillow over his face. While certain allegations of the petition may ultimately be difficult to prove, it is not so facially without merit as to belie an ulterior purpose to compel the respondents to make further statements or to impermissibly elicit discovery.
The respondents' reliance on Simmons v. United States, 390 U.S. 377
(1968), is unpersuasive. While some courts, including the Second Circuit, have extended the Simmons rationale to exclude, at trial, testimony which the defendant had given at a hearing on his application to proceed in forma pauperis; United States v. Branker, 418 F.2d 378 (2d Cir. 1969); United States v. Anderson, 567 F.2d 839 (8th Cir. 1977); in other contexts "[e]fforts to extend the scope of Simmons have not fared well. . . ." United States v. Taylor, 975 F.2d 402, 404 (7th Cir. 1992)
Exercising the "responsibilities and powers" of Presiding Judge; see Connecticut Law Journal, August 7, 2001, p. 7C; the respondents' motion for stay is granted until September 9, 2002, to the extent that neither adversarial discovery nor the trial of the petition shall take place until after that date. The responsibility of counsel for trial preparation, however, shall not otherwise be suspended. Counsel may reapply to the presiding judge on and after September 3, 2002 for an extension of the stay based on circumstances then existing or impending.
BY THE COURT
_________________________ Bruce L. Levin Judge of the Superior Court Presiding Judge, Child Protection Session